UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**EDRA D BLIXSETH**,<br><br>Debtor. | Case No. **09-60452-7** |
| **RICHARD SAMSON**,<br><br>Plaintiff.<br><br>-vs-<br><br>**TIMOTHY L. BLIXSETH**, **Desert Ranch LLLP**, **DESERT RANCH MANAGEMENT LLC**, and **DOES 1-5**,<br><br>Defendants. | Adv No. **10-00088** |

### MEMORANDUM of DECISION

At Butte in said District this 30th day of March, 2011.

In this Adversary Proceeding, after due notice, a hearing was held February 14, 2011, in Butte on the Motion to Dismiss for Lack of Personal Jurisdiction filed on November 11, 2010, by Defendants Desert Ranch, LLLP and Desert Ranch Management, LLC. Hugh McCullough of Seattle, Washington, appeared at the hearing on behalf of the Plaintiff; Patrick T. Fox of Helena, Montana appeared at the hearing on behalf of the Defendants. The Court heard oral argument from counsel. None of the parties presented any witness testimony and no exhibits were offered into evidence.

1

As noted above, the Defendants Desert Ranch, LLLP and Desert Ranch Management, LLC filed a Motion to Dismiss on November 11, 2010, seeking the dismissal of the Plaintiff's Complaint for lack of personal jurisdiction under FED.R.CIV.P. 12(b)(2) or in the alternative, to dismiss Count Six of the Plaintiff's Complaint for failure to state a claim a against Defendants Desert Ranch, LLLP and Desert Ranch Management, LLC under FED.R.CIV.P. 12(b)(6). The Defendant's Motion is accompanied by a brief in support thereof and an "Affidavit of George Mack in Support of Motion to Dismiss Adversary Complaint Pursuant to Fed.R.Bankr.P. 7012(b)."

The defendants Desert Ranch, LLLP and Desert Ranch Management, LLC named in this Adversary Proceeding were also named as defendants in Adversary Proceeding No. 10-00015. Defendants Desert Ranch, LLLP and Desert Ranch Management, LLC filed a motion to dismiss for lack of personal jurisdiction in Adversary Proceeding 10-00015 on March 2, 2010. In a Memorandum of Decision entered August 31, 2010, in Adversary Proceeding 10-00015, this Court wrote:

> **Personal Jurisdiction**
>
> Personal jurisdiction is the statutory or constitutional basis for a court to assert judicial authority over a party and bind him with its decision. *See* 1 James Wm Moore et al., Moore's Manual: FEDERAL PRACTICE AND PROCEDURE § 6.01[1] (2010). Personal jurisdiction falls into two categories, general personal jurisdiction and specific personal jurisdiction. General personal jurisdiction requires that a defendant have systematic and continuous contacts with the forum such that he has a reasonable expectation to be required to defend any litigation arising in that forum. Specific personal jurisdiction exists when the litigation arises out of and relates to a defendant's contacts with the forum in connection with the activities that give rise to the litigation.
>
> The Ninth Circuit Court of Appeals

> has established a three-factor test for determining when a state may constitutionally exercise specific jurisdiction over a defendant: (1) the nonresident defendant must do some act or consummate some transaction with the forum state or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of or result from the defendant's forum-related activity; and/or[1] (3) the exercise of jurisdiction must be reasonable. [*Brand v. Menlove*, 796 F.2d 1070, 1073 (9th Cir. 1986)].

*Ochoa v. J.B. Martin and Sons Farms, Inc.*, 287 F.3d 1182 (9th Cir. 2002).

Following the above-discussed law, the Court concluded that while defendants Desert Ranch, LLLP and Desert Ranch Management, LLC may not have purposefully directed their activities at Montana, they had created sufficient contacts to allow the state to reasonably exercise personal jurisdiction over said Defendants. The Court would note that the motion to dismiss filed by defendants Desert Ranch, LLLP and Desert Ranch Management, LLC in Adversary Proceeding 10-00015 was supported by a Declaration of George Mack dated March 1, 2010. Other than the first page, containing only caption information, the Declaration of George Mack filed in Adversary Proceeding No. 10-00015 and the Affidavit of George Mack filed in this Proceeding are identical. The Defendants did not appeal the Court's Memorandum of Decision and Order entered in Adversary Proceeding 10-00015. Consistent with the Court's August 31,

---

[1] Although Ninth Circuit law formerly required a plaintiff to demonstrate each of these three factors to establish specific jurisdiction, *see Data Disc, Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1287 (9th Cir.1977), [the Ninth Circuit Court of Appeals] has, in light of subsequent Supreme Court precedent, adopted a more "flexible approach." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1074 (9th Cir.1986). Jurisdiction may be established with a lesser showing of minimum contacts "if considerations of reasonableness dictate." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "Under this analysis, there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has created sufficient contacts to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." *Brand*, 796 F.2d at 1074.

2010, ruling Adversary Proceeding 10-00015, this Court once again concludes that defendants Desert Ranch, LLLP and Desert Ranch Management, LLC established sufficient contacts with the State of Montana to allow the state to reasonably exercise personal jurisdiction over Desert Ranch, LLLP and Desert Ranch Management, LLC.

In the alternative, defendants Desert Ranch, LLLP and Desert Ranch Management, LLC seek dismissal of Count Six of the Plaintiff's Complaint on grounds said Count fails to state a claim upon which relief can be granted.  In addressing a Rule 12(b)(6) challenge, the Court accepts all nonconclusory factual allegations in the complaint as true (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949-50 (2009)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  "[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  *Schneider v. California Department of Corrections*, 151 F.3d 1194, 1196 (9th Cir. 1998) (quoting *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)).  To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570.)  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.

The Plaintiff's Sixth Claim for Relief seeks the avoidance and recovery of fraudulent transfers under CAL. CIV. CODE § 3439.04, 11 U.S.C. §§ 544(b), 548 and 550.  Construing all

4

nonconclusory factual allegations of the Plaintiff's Complaint as true, the Court finds that Plaintiff's Sixth Claim for Relief has facial plausibility. For the reasons discussed above, the Court will enter a separate order providing as follows:

IT IS ORDERED that the Motion to Dismiss for Lack of Personal Jurisdiction filed on November 11, 2010, by Defendants Desert Ranch, LLLP and Desert Ranch Management, LLC is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana